UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Elaine Deanne Sanders,

    Plaintiff,

v.                                                                                     Civil No. 11-1356 (JNE/JJG)
                                                                                      ORDER

Michael J. Astrue, Commissioner of
Social Security,

    Defendant.

_____

      Plaintiff Elaine Sanders seeks judicial review of the denial of her application for Social Security supplemental security income (SSI) disability benefits. The parties brought cross-motions for summary judgment. The case was referred to the Honorable Jeanne J. Graham, United States Magistrate Judge, who, in a Report and Recommendation dated April 16, 2012, recommended the case be remanded to the Social Security Administration (SSA). Defendant objects to the Report and Recommendation. The Court has conducted a de novo review of the record. *See* D. Minn. LR 72.2(b).

      The magistrate judge recommended remand for the SSA to determine three issues. Defendant argues there is no need to remand on any ground. First, Defendant argues that the District Court can make a determination, based on the record, as to the severity of Plaintiff's degenerative joint disease. Plaintiff's 2007 application for benefits included a claim of disability due to degenerative joint disease. The Administrative Law Judge (ALJ) did not make any findings of fact or conclusions of law regarding degenerative joint disease in his written decision. Nor did he question Plaintiff about her claimed degenerative joint disease during the hearing. The Report and Recommendation summarizes the evidence in the record concerning Plaintiff's

1

degenerative joint disease. (Report and Recommendation 19, ECF No. 21). Additionally, the Court notes that on occasion Plaintiff used a knee brace, walker, and crutches. (Administrative R. 372, 375, 457, ECF No. 10:9). The record contains evidence that Plaintiff suffers from an impairment, but as Defendant points out, in order for that impairment to qualify as a disability, it must be severe. 20 C.F.R. § 416.920(a)(4)(ii), (c). An impairment is severe if it "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." *Id.* at §§ 416.920(c), 416.921. Although the Court has the authority to enter a judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing," the ALJ is in a better position to make a determination as to the severity of Plaintiff's impairment. 42 U.S.C. § 405(g); *see also Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) ("This court will not substitute its opinion for the ALJ's, who is in a better position to gauge credibility and resolve conflicts in evidence."). Defendant may well be correct that Plaintiff cannot prove a "severe" impairment based on degenerative joint disease. *See Valley v. Astrue*, No. 4:10CV01393, 2011 WL 5999260, at *2 (E.D. Ark., Nov. 29, 2011) (finding degenerative joint disease in a plaintiff's knee to be a non-severe impairment). But the ALJ can better inquire into and determine whether Plaintiff's degenerative joint disease "significantly limits" her ability to work. It is also unclear whether Plaintiff's alleged degenerative joint disease affects her residual functional capacity (RFC).[1] For these reasons, the Court chooses not to delve into this untouched claim and instead remands the issue to the SSA.

Next, Defendant argues that the ALJ's failure to include the words "brief" and "superficial" in his description of Plaintiff's ability to interact with coworkers is not a reason for

---

[1] Residual functional capacity is a determination made by an ALJ as to "the most a claimant can do despite her limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1520(a)(1)).

remand. The ALJ used the term "occasional" to describe Plaintiff's limitations on interaction with others. The magistrate judge's point that it is possible for a person to have occasional but lengthy and in-depth interactions with coworkers is well taken. The Court, however, finds that the ALJ's decision regarding Plaintiff's recommended interaction with coworkers was based on substantial evidence. *See Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006). The ALJ noted that Plaintiff attends church and plays cards with others, and he drew the conclusion that this evidence indicates she is capable of some social interaction. The ALJ's choice in using the word "occasional" rather than "brief" and "superficial" is supported by substantial evidence and adequately balances the evidence in the record. Further, the job descriptions for laundry worker and hand packager—the positions for which the ALJ found Plaintiff qualified—do not indicate that more than "brief" and "superficial" contact with coworkers would be required. *See* Dictionary of Occupational Titles, DICOT § 920.587-018, 361.684-014, *available at* 1991 WL 672983. Thus, the Court does not disturb the ALJ's decision on this issue.

Lastly, Defendant argues the ALJ's finding as to Plaintiff's credibility is supported with substantial evidence and does not require remand. The ALJ found that Plaintiff demonstrated a lack of effort in finding work and that this reduced her credibility. The magistrate judge expressed concern that the ALJ had not considered that this lack of effort could be because Plaintiff, prior to her incarceration, had been receiving SSI disability benefits for as long as she could remember. The magistrate judge attributes Plaintiff's lack of effort in finding work to her disabled status rather than a lack of motivation. This is a reasonable conclusion based on the evidence in the record, but so is the ALJ's conclusion that Plaintiff lacked motivation to find work. Where the evidence supports two contradictory findings and one of them is that reached by the ALJ, a reviewing district court should uphold the ALJ decision. *Goff v. Barnhart*, 421 F.3d

785, 789 (8th Cir. 2005). The receipt of SSI benefits does not necessarily preclude a recipient from working, rather the receipt of benefits merely imposes restrictions and reporting requirements on the benefits recipient. *See* 20 C.F.R. §§ 404.1592, 404.1599, 404.401a. Indeed, Plaintiff did have a few part time temporary positions over the years. Moreover, Plaintiff's lack of effort in finding work was merely one factor the ALJ considered. He stated in his determination of Plaintiff's RFC that he placed the most weight on the opinions of a psychiatrist and psychologist who each had the opportunity to review Plaintiff's medical records. The ALJ's conclusion that Plaintiff's credibility should be reduced due to her lack of effort in finding work and its effect on the overall determination of her RFC is substantially supported by evidence in the record. The Court finds no need to remand this issue to the SSA.

Based on its review of the record, and for the reasons stated, the Court modifies the Report and Recommendation [Docket No. 21] as to the reasons for remand and otherwise adopts the Report and Recommendation.

IT IS ORDERED THAT:

1. Plaintiff's Motion for Summary Judgment [Docket No. 13] is **GRANTED** as to remand;

2. Defendant's Motion for Summary Judgment [Doc No. 18] is **DENIED**;

3. The case is **REMANDED** to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for adjudication of Plaintiff's claim of disability based on degenerative joint disease consistent with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: May 11, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge